## (April 24, 1970)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE R. HUNT, Appellant.— Motion for permission to proceed as a poor person and for assignment of counsel on appeal from an order denying an application for assignment of counsel denied upon the ground that such order is not appealable (Code Crim. Pro., § 517). Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY C. CUTY, Appellant, v. CHARLES L. McKENDRICK, as Warden of Wallkill Prison, Respondent.— Appeal dismissed, without costs, on the ground that relator has been released on parole (see People ex rel. Wilder v. Markley, 26 N Y 2d 648). Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur.

## FOURTH DEPARTMENT, APRIL, 1970

## (April 2, 1970)

■ HERCULES PACKING CORPORATION, Respondent-Appellant, v. NORMAN STEINBRUCKNER et al., Appellants-Respondents.— Judgment unanimously modified on the law and facts in accordance with the memorandum herein, and as so modified affirmed, without costs. Memorandum: This is an appeal by defendants from a judgment awarding plaintiff $12,862.69. Plaintiff cross-appeals from so much of the judgment as limited the award of damages. Upon a prior appeal we remitted this case to Erie County Trial Term solely to take proof and determine the amount of damages which plaintiff sustained as a result of defendants competing with plaintiff during the time of their employment by the latter, without costs. (28 A D 2d 635.) Consequently the Trial Judge erred in awarding damages resulting from a reduction in a bid in January, 1965 when defendants' employment had terminated in May, 1964, erred in including in damages the return of wages earned and paid to defendants by plaintiff and erred in awarding costs to plaintiff. With regard to the damages sustained by reason of defendants' misconduct during their employment, the proof established that plaintiff lost a contract in 1964 with a prior customer, Clark Bros., upon which plaintiff had bid $6,435.66 but which was awarded to a lower bidder with which defendants were working. On account of this loss the trial court awarded plaintiff 47% of the bid price as lost profit. Upon the record before us this figure is speculative and is contrary to the weight of evidence. The proof clearly established by the testimony of plaintiff's treasurer that the damage sustained from the loss of the Clark Bros. contract was the difference between the price bid and $4,580, the actual cost of production, or $1,855.66. Accordingly, the judgment should be modified to $1,855.66, with interest from May 1, 1964, without costs. (Appeals from judgment of Erie Trial Term in action for damages for unfair competition.) Present—Del Vecchio, J. P., Marsh, Witmer, Moule and Henry, JJ.